```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**JAMES R. DUDLEY,**

                    **Plaintiff,**

         v.                               CASE NO. 08-3046-SAC

**K. MASSEY, et al.,**

                    **Defendants.**

<u>O R D E R</u>

Plaintiff, a prisoner confined in the Douglas County jail in Lawrence, Kansas, proceeds pro se on a complaint filed under 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915 without prepayment of the $350.00 district court filing fee.

*Motion for Leave to Proceed In Forma Pauperis*

Having considered the plaintiff's sparse financial records, the court finds no initial partial filing fee may be imposed at this time due to plaintiff's limited resources, and grants plaintiff leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(b)(4)(where inmate has no means to pay initial partial filing fee, prisoner is not to be prohibited from bringing a civil action). Plaintiff nonetheless remains obligated to pay the full $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. §

1915(b)(2).[1]

*28 U.S.C. § 1915A Screening of the Complaint*

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

In this action, plaintiff seeks damages and injunctive relief on allegations that Douglas County jail staff are not properly trained, and thereby caused plaintiff to unnecessarily suffer for a month with herpes virus. Plaintiff more specifically claims he was not allowed to see a doctor when he was suffering from a high fever, vomiting, dizziness, and bloody itchy sores all over his body from November 21, 2007, to December 27, 2007.

To allege a valid claim under 42 U.S.C. § 1983, a plaintiff must assert the denial of a right, privilege or immunity secured by federal law. <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 150 (1970).

A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when he or she acts with "deliberate indifference to serious medical needs of prisoners." <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976). Plaintiff's complaint does not make clear whether he is confined in the county jail as a

---

[1] 28 U.S.C. § 1915(b)(2) reads:
"After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid."

2

pretrial detainee, but the same constitutional standard of "deliberate indifference" to a "serious medical need" still applies. *See* Estate of Hocker ex rel. Hocker v. Walsh, 22 F.3d 995, 998 (10th Cir. 1994)("Under the Fourteenth Amendment's Due Process Clause, pretrial detainees are entitled to the same degree of protection against denial of medical care as that afforded to convicted inmates under the Eighth Amendment.").

"'Deliberate indifference' involves both an objective and subjective component." Sealock v. Colorado, 218 F.3d 1205, 1209 (10th Cir. 2000). The objective component requires that the medical need be "sufficiently serious," meaning "it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. (*quoting* Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir. 1999)). The subjective component requires the plaintiff to show that the defendant "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

It is well established, however, that disagreements with the treatment provided by prison medical staff, or the inadvertent or negligent failure to provide medical care, are insufficient to show the deliberate indifference required for an Eighth Amendment violation. *See* Perkins v. Kansas Dept. of Corrections, 165 F.3d 803, 811 (10th Cir. 1999); Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980), *cert. denied*, 450 U.S. 1041 (1981). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.

3

It is also well established that a delay in medical treatment "only constitutes an Eighth Amendment violation where the plaintiff can show the delay resulted in substantial harm." <u>Oxendine v. Kaplan</u>, 241 F.3d 1272, 1276 (10th Cir. 2001)(*quotation omitted*). The substantial harm requirement may be satisfied by a showing of "lifelong handicap, permanent loss, or considerable pain." <u>Garrett v. Stratman</u>, 254 F.3d 946, 950 (10th Cir. 2001).

Having carefully reviewed plaintiff's allegations as liberally construed and as true, the court finds no basis for establishing that any defendant has been deliberately indifferent to any serious medical need of plaintiff. Notwithstanding plaintiff's recitation of the dire and serious medical conditions he claims to have suffered without medical attention, the administrative medical requests attached to plaintiff's complaint make no mention of these serious medical concerns, and instead clearly document that medical attention, testing, and treatment were provided.[2] Plaintiff's disagreement with that provided care does not state an actionable constitutional claim, and the record provides no factual support for plaintiff's claim of serious and obvious medical needs that were

---

[2]Plaintiff first documents a request on November 21, 2007, that something looks wrong on his arm. Twelve days later he requests medical treatment for little red dots on parts of his body that are beginning to itch. Hydrocortisone cream was provided. Blood testing appears to have been performed, because plaintiff documents his request for the test results, and an administrative response states in part that the results are normal. On December 18, plaintiff specifically requested to see a doctor. The administrative response to that request indicates the doctor started treatment, but was awaiting the remainder of plaintiff's test results. By December 21, the end of the time period cited by plaintiff, he complains that nothing is being done to prevent infections at the jail.

unattended.

*Notice and Show Cause Order to Plaintiff*

The court thus finds the complaint is subject to being summarily dismissed because no cognizable constitutional claim is presented for the purpose of seeking relief under 42 U.S.C. § 1983.[3] *See* 28 U.S.C. § 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted"). The failure to file a timely response may result in the complaint being dismissed for the reasons stated herein, and without further prior notice to plaintiff.

Plaintiff's motion for service of the complaint upon each defendant by the United States Marshal Service is denied without prejudice. The court has not yet ordered service of summons and the complaint to any defendant in this matter, and will not do so until the judicial screening required by 28 U.S.C. § 1915A has been completed and it is determined that any claim against any defendant warrants service of process and a response.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, and that the full

---

[3] Plaintiff is advised that dismissal of the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) will count as a "strike" under 28 U.S.C. 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

$350.00 district court filing fee is to be collected from plaintiff's inmate account as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff is to granted twenty (20) days to show cause why the complaint should not be summarily dismissed as stating no claim for relief.

IT IS FURTHER ORDERED that plaintiff's motion for service of summons (Doc. 5) is denied without prejudice.

Copies of this order shall be mailed to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED:  This 7th day of May 2008 at Topeka, Kansas.


      s/ Sam A. Crow
      SAM A. CROW
      U.S. Senior District Judge